IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TINH THI NGUYEN §<br>    Plaintiff §<br> §<br>v. §<br> §<br>KOREAN AIR AND §<br>DALLAS FORT WORTH §<br>INTERNATIONAL AIRPORT BOARD §<br>    Defendants § | CIVIL ACTION NO. 4:13-CV-00509-Y |

## PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW,** Tinh Thi Nguyen, hereinafter called Plaintiff, complaining of and about Korean Air Lines Co., Ltd (previously incorrectly referred to as Korean Air) ("KAL") and Dallas Fort Worth International Airport Board ("DFW Board"), and for cause of action would show unto the Court the following:

### I.    PARTIES

1.    Plaintiff TINH THI NGUYEN is an individual who currently resides in Garland, Dallas County, Texas.  She can be served through his attorneys, The Law Offices of Kenneth G. Wincorn & Associates, P.C., 100 N. Central Expressway, Suite 1310, Richardson, Texas 75080.

2.    Defendant KOREAN AIR LINES CO., LTD, a corporation organized and existing under the laws of the Republic of Korea.  It can be served through its designated counsel, Condon & Forsyth, LLP, 1901 Avenue of the Stars, Suite 850, Los Angeles, California 90067.

3.    Defendant DALLAS FORT WORTH INTERNATIONAL AIRPORT BOARD, a Governmental Entity.  Requirements of notice under the Texas Tort Claims Act have been met.

Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a), (c). As discussed below, Plaintiff gave timely notice under the Texas Tort Claims Act ("TTCA") to DFW Board in her correspondence to DFW Board's legal department dated May 11, 2011, attached hereto as Exhibit B. Further, DFW Board had independent, actual notice of the incident and its alleged liability.

## II.   JURISDICTION AND VENUE

4. This Court has jurisdiction over the claims herein under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims herein under 28 § 1367.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2), because DFW Board is a governmental entity and resides in Tarrant County, Texas, and also because a substantial part of the events or omissions giving rise to this claim occurred in Tarrant County, Texas.

## III.   FACTS

6. At all times material hereto, KAL was the commercial airline carrier located at DFW International Airport, Texas.

7. At all times material hereto, DFW Board was the governmental entity located at DFW International Airport, Texas.

8. On April 26, 2011, Plaintiff entered into a written contract with KAL, providing that Defendant Korean Air provide an escort with a wheelchair to transport Plaintiff upon Plaintiff's arrival at Dallas Fort Worth International Airport ("the Contract") from Plaintiff's seat or arrival gate to Plaintiff's family members awaiting Plaintiff's arrival at DFW International Airport. A copy of the contract is attached as Exhibit A and incorporated by reference.

9. On April 26, 2011, KAL represented to Plaintiff that such service would be provided to Plaintiff.

10. The aforementioned representation was false. In truth, KAL did not provide an escort with a wheelchair for Plaintiff.

11. Plaintiff provided valuable goods or services to the KAL, specifically the purchase of an airline ticket with Defendant Korean Air.

12. Defendant accepted the goods or services from Plaintiff, with knowledge that the Plaintiff expected services for same.

13. In reliance on the promise of KAL, that it would provide Plaintiff with an escort with a wheelchair, Plaintiff purchased the airline ticket from Defendant Korean Air.

14. The action taken by the Plaintiff was reasonable and foreseeable in light of the promise made by KAL.

15. On or about April 26, 2011, Tinh Thi Nguyen was an Invitee on property controlled by DFW Board, and was injured under the following circumstances: Prior arrangements were made with KAL to have an escort and wheelchair available for Plaintiff when disembarking KAL's aircraft. However, when Plaintiff disembarked KAL's aircraft, KAL failed to provide the pre-arranged wheelchair to Plaintiff. Plaintiff does not speak English or Korean and could not make the request herself at the time she disembarked KAL's aircraft. DFW Airport did not assist Plaintiff or provide for an escort or use of a wheelchair.

16. As a result, Plaintiff attempted to navigate through DFW Airport on her own without an escort or the use of the wheelchair in an attempt to reach her family. As Plaintiff descended an escalator, she slipped and fell on the premises of DFW Board, which caused severe bodily injury.

17. At such time, DFW personnel, including, but not limited to, DFW Airport Police and DFW MICU #601 were dispatched to the scene of the incident.

18. DFW MICU #601 evaluated Plaintiff's injuries and "determined [them] to be severe enough to be transported to Los Colinas Medical Center for further evaluation. See attached Exhibit C.

19. DFW Airport Police questioned Plaintiff regarding the incident and created an incident report. See Exhibit C.

## IV.   CAUSES OF ACTION

### COUNT I
### SPECIFIC PERFORMANCE FOR BREACH OF CONTRACT

20. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

21. The contractual obligations of Plaintiff have been fully performed.

22. KAL has failed to perform its contractual obligations, specifically, providing an escort with a wheelchair as requested by Plaintiff and promised by KAL.

### COUNT II
### BREACH OF WRITTEN EXPRESS WARRANTY

23. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

24. The contract between Plaintiff and KAL includes the following express warranty:

> *"Along with our wheelchair service, our customer service personnel will accompany the passenger from the check-in counter to the departure gate or to their seat. Also upon arrival, our staff will accompany the passenger from their seat (or arrival gate) to their family members in the waiting area."*

25. The express warranty was false in that Defendant Korean Air at no time provided an escort with a wheelchair to Plaintiff, and did not accompany Plaintiff upon arrival to her family members in the waiting area at DFW area.

26. As a result of the breach of express warranty, Plaintiff suffered damages, including incidental and consequential damages. Plaintiff suffered severe injuries when attempting to navigate DFW airport unaccompanied, without an escort or wheelchair, when one was not provided to Plaintiff.

27. Prior to the commencement of this action and within a reasonable time after discovering the breach, Plaintiff gave written notice to KAL of the breach of warranty and of the damages sustained as a result of the breach. A copy of the notice is attached as Exhibit B and incorporated by reference.

## COUNT III
## NEGLIGENT MISREPRESENTATION

28. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

29. Plaintiff would show that Defendant Korean Air, made a false representation in the course of a transaction in which Defendant Korean Air had a pecuniary interest, and that the representation was made by KAL to guide Plaintiff in the conduct of Plaintiff's business.

30. KAL failed to exercise reasonable care or competence in obtaining or communicating such information represented.

31. Plaintiff justifiably relied on the misrepresentation of KAL, resulting in pecuniary loss.

32. Plaintiff therefore asserts a cause of action for negligent misrepresentation against KAL.

## COUNT IV
## QUANTUM MERUIT

33. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

34. In the alternative, Plaintiff seeks to recover in quantum meruit for the goods or services provided to KAL.

35. KAL has not paid Plaintiff reasonable value of the goods or services provided by Plaintiff.

## COUNT V
## PROMISSORY ESTOPPEL

36. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

37. In the alternative, Plaintiff seeks to recover for the costs incurred by Plaintiff in detrimental reliance on the promise of KAL.

## COUNT VI
## LIABILITY OF DEFENDANT KOREAN AIR
## UNDER NEGLIGENCE THEORY

38. On or about April 26, 2011 and at all times mentioned herein, KAL was the possessor of the property in question and was transporting Plaintiff as a common carrier of passengers, as a commercial airline carrier.

39. At all times mentioned herein, KAL had such control over the premises in question as a common carrier that KAL owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

40. On or about April 26, 2011, Tinh Thi Nguyen was an invitee and passenger on the premises owned by the KAL when Tinh Thi Nguyen was injured as a result of the acts and omissions of the Defendant.

41. KAL owed Tinh Thi Nguyen and others similarly situated the duty as a common carrier, which is the duty of a common carrier to protect the passenger's safety with the utmost care, skill and diligence. Alternatively, KAL owed Plaintiff and others similarly situated the duty of ordinary care, to provide the escort and wheelchair as ordered for Plaintiff upon booking of her flight.

42. Defendant breached said duty by failing to provide the wheelchair with an escort as requested and contracted by Plaintiff.

## COUNT VII
## LIABILITY OF DEFENDANT
## DALLAS FORT WORTH INTERNATIONAL AIRPORT BOARD
## UNDER THE TEXAS TORT CLAIMS ACT

43. On or about April 26, 2011 and at all times mentioned herein, DFW Board was the possessor of the property in question and either owned, occupied or maintained the premises located at DFW International Airport, Texas as a commercial airport.

44. At all times mentioned herein, DFW Board had such control over the premises in question that DFW Board owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

45. On or about April 26, 2011, Tinh Thi Nguyen was an Invitee on the premises owned by the Defendant when Tinh Thi Nguyen was injured as a result of the acts and omissions of the Defendant.

46. DFW Board is a governmental entity which is normally subject to sovereign immunity. However, as such a governmental entity, DFW Board is subject to the waivers of said

sovereign immunity for some tortious government conduct pursuant to the Texas Tort Claims Act, specifically because the personal injuries suffered by Plaintiff are alleged to have arisen from the condition of DFW Board's property and her use of same.

47. Pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a), "a governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must *reasonably* describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." (Emphasis added). Plaintiff forwarded correspondence to DFW Board legal department on or about May 11, 2011 regarding the incident and stated the name of Plaintiff, the date, time and location of the incident. Plaintiff also requested any information that DFW Board personnel, specifically the report generated by DFW Airport Police and DFW EMS report.

48. Said communication also relayed the information that Plaintiff had retained legal representation as a result of the April 26, 2011 incident.

49. Therefore, proper, timely notice was given to DFW Board.

50. Further, pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c), "[t]he notice requirements provided or ratified and approved by Subsections (a) and (b) *do not apply* if the governmental unit has *actual notice* that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." (Emphasis added).

51. As stated above, DFW personnel, including, but not limited to, DFW Airport Police and DFW MICU #601 were dispatched to the scene of the incident. DFW MICU #601 evaluated Plaintiff's injuries and "determined [them] to be severe enough to be transported to Los Colinas Medical Center for further evaluation. DFW Airport Police also questioned Plaintiff regarding the incident and created an incident report which states "[t]he injured female was

transported by paramedics to a medical facility for further evaluation due to the severity of the injuries sustained as a result of the fall. A report was generated and the report number was provided to all interested parties for future reference."

52. Further, DFW Board owed her a duty of care with respect to her safe passage through its premises, which it breached which caused her damages.

53. Plaintiff may assert a cause of action against DFW Board as a governmental entity under the Texas Tort Claims Act.

## COUNT VIII
## PROXIMATE CAUSE

54. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

### V.   DAMAGES FOR PLAINTIFF, TINH THI NGUYEN

55. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff, Tinh Thi Nguyen, was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

56. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Tinh Thi Nguyen, has incurred the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses total $171,535.29 and were incurred by Plaintiff, Tinh Thi Nguyen for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;

    B.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future in the amount of $100,000.00;

    C.    Physical pain and suffering in the past in the amount of $500,000.00;

      D.      Mental anguish in the past in the amount of $200,000.00;

      E.      Physical pain and suffering in the future in the amount of $200,000.00; and

      F.      Mental anguish in the future in the amount of $200,000.00.

57. By reason of the above, Plaintiff, Tinh Thi Nguyen, has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## VI.  JURY DEMAND

58. Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Tinh Thi Nguyen, respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

        Respectfully submitted,

        **THE LAW OFFICES OF**
        **KENNETH G. WINCORN & ASSOCIATES, P.C.**

By:    /s/ Kenneth G. Wincorn
        Kenneth G. Wincorn
        State Bar Number 21754500
        Kristin Regel, of Counsel
        State Bar Number 24000221
        100 N. Central Expressway, Suite 1310
        Richardson, Texas 75080
        Tel: (214) 630-1221
        Fax: (214) 630-2155
        kwincorn@wincorn.com
        kregel@wincorn.com

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On January 21, 2014, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        /s/ Kenneth G. Wincorn
        Kenneth G. Wincorn